**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| GLENN D. SANFORD, for the use and benefit of the EQ/Large Cap Value PLUS Portfolio, the EQ/Global Multi-Sector Equity Portfolio, the EQ/T. Rowe Price Growth Stock Portfolio and the EQ/GAMCO Small Company Value Portfolio; WILLIAM R. TUCKER, for the use and benefit of the EQ/GAMCO Small Company Value Portfolio and the EQ/T. Rowe Price Growth Portfolio; BRIAN A. SANCHEZ, for the use and benefit of the EQ/Global Multi-Sector Equity Portfolio and the EQ/PIMCO Ultra Short Bond Portfolio; MARY T. CUSACK, for the use and benefit of the EQ/Large Cap Value PLUS Portfolio, the EQ/Core Bond Index Portfolio and the EQ/Mid Cap Value PLUS Portfolio; ROBERT CUSACK, for the use and benefit of the EQ/Large Cap Value PLUS Portfolio, the EQ/Core Bond Index Portfolio and the EQ/Mid Cap Value PLUS Portfolio; PATRICIA F. LYNN, for the use and benefit of the EQ/Global Bond PLUS Portfolio, the EQ/Mid Cap Value PLUS Portfolio, the EQ/GAMCO Small Company Value Portfolio and the EQ/PIMCO Ultra Short Bond Portfolio, | Civil Action No. 3:13-cv-00312 |
|         Plaintiffs, | Document Filed Electronically |
| vs. | |
| AXA Equitable Funds Management Group, LLC, | |
|         Defendant. | |

---

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Blank Rome LLP | Milbank, Tweed, Hadley & McCloy LLP |
|   Jonathan M. Korn |   James N. Benedict (*pro hac vice*) |
| 301 Carnegie Center, 3rd Floor |   Sean M. Murphy (*pro hac vice*) |
| Princeton, NJ 08540 |   Robert C. Hora (*pro hac vice*) |
| (609) 750-7700 (Phone) | 1 Chase Manhattan Plaza |
| (609) 750-7701 (Fax) | New York, NY 10005-1413 |
| | (212) 530-5000 (Phone) |
| | (212) 530-5219 (Fax) |
| | *Attorneys for Defendant* |

## ANSWER TO AMENDED COMPLAINT

Defendant AXA Equitable Funds Management Group, LLC ("FMG LLC"), by and through its undersigned attorneys, hereby answers Plaintiffs' First Amended Complaint (the "Complaint") as set forth below.  Except as specifically admitted, Defendant denies the allegations of the Complaint.

1.      Defendant admits that Plaintiffs purport to bring this action on behalf of the AXA Funds (as defined in the Complaint), or alternatively, the EQ Advisors Trust, pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 1 of the Complaint.

2.      Defendant neither admits nor denies the allegations in Paragraph 2 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 2 and respectfully refers the Court to the statute referred to in Paragraph 2 for the full content and context thereof.

3.      Defendant denies the allegations in Paragraph 3 of the Complaint, except admits that the EQ Advisors Trust is an open-end management investment company registered under the ICA and that each of the AXA Funds has its own investment objective/goals.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and on that basis denies the allegations, except admits that the AXA Funds are "series" of the EQ Advisors Trust.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint, and respectfully refers the Court to the filing referenced in Paragraph 13 for the full content and context thereof.

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint, except admits that Plaintiffs purport to sue FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint, except admits that Plaintiffs purport to bring one derivative claim on behalf of the AXA Funds and, in the alternative, one derivative claim on behalf of the EQ Advisors Trust, denies that Plaintiffs have either claim, and respectfully refers the Court to the SEC filings referred to in Paragraph 16 for the full content and context thereof.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint, except admits that FMG LLC charges the AXA Funds investment advisory fees for investment management services and that those fees are paid from the AXA Funds' assets.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint, except admits that each AXA Fund also has a sub-adviser.

19.     Defendant denies the allegations in Paragraph 19, except admits that FMG LLC has entered into investment advisory agreements with the AXA Funds' sub-advisers.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint, except admits that FMG LLC is paid a fee for its investment management services.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 21 for the full content and context thereof.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint and respectfully refers the Court to the website referred to in Paragraph 23 for the full content and context thereof.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint and respectfully refers the Court to the Statement of Additional Information ("SAI") referred to in Paragraph 24 for the full content and context thereof.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint, except admits that Plaintiffs purport to assert a claim under Section 36(b) of the ICA, but denies that Plaintiffs have any claim under that section.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint, except admits that Plaintiffs purport to bring this action derivatively pursuant to Section 36(b) of the ICA, on behalf of the AXA Funds, but denies that Plaintiffs have any claim under that section.

29.     Defendant admits that Plaintiffs alternatively purport to bring this action derivatively pursuant to Section 36(b) of the ICA, on behalf of the EQ Advisors Trust if the Advisors Trust issues shares of the trust that correspond to investments into the AXA Funds, but

denies that Plaintiffs have any claim under that section, and otherwise denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and on that basis denies the allegations, and denies that Plaintiffs are entitled to the relief described therein.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint, and respectfully refers the Court to SEC filings and agreements referred to in Paragraph 32 for the full content and context thereof.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint and respectfully refers the Court to Form N-1A referred to in Paragraph 33 for the full content and context thereof.

34.     Defendant neither admits nor denies the allegations in Paragraph 34 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 34.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint regarding Plaintiff Glenn D. Sanford's residence, and otherwise denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint regarding Plaintiff William R. Tucker's residence, and otherwise denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint regarding Plaintiff Brian A. Sanchez's residence, and otherwise denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint regarding Plaintiff Robert Cusack's residence, and otherwise denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint regarding Plaintiff Mary T. Cusack's residence, and otherwise denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint regarding Plaintiff Patricia F. Lynn's residence, and otherwise denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint, except admits that Defendant FMG LLC is a Delaware limited liability company, admits that FMG LLC's principal place of business is 1290 Avenue of the Americas, New York, New York 10104, and respectfully refers the Court to the SEC filing referred to in Paragraph 41 for the full content and context thereof.

42.     Defendant neither admits nor denies the allegations in Paragraph 42 insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 42.

43.     Defendant neither admits nor denies the allegations in Paragraph 43 insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 43.

44.     Defendant neither admits nor denies the allegations in Paragraph 44 insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint and respectfully refers the Court to the case referred to in Paragraph 45 for the full content and context thereof.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and on that basis denies the allegations, and respectfully refers the Court to the Senate Report referred to in Paragraph 47 for the full content and context thereof.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and on that basis denies the allegations, and respectfully refers the Court to the statutes and cases referred to in Paragraph 48 for the full content and context thereof.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and on that basis denies the allegations.

50.     Defendant neither admits nor denies the allegations in Paragraph 50 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and on that basis denies the allegations, and respectfully refers the Court to the statute referred to in Paragraph 50 for the full content and context thereof.

51.     Defendant neither admits nor denies the allegations in Paragraph 51 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 51 and respectfully refers the Court to the statute referred to in Paragraph 51 for the full content and context thereof.

52.     Defendant neither admits nor denies the allegations in Paragraph 52 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 52 and respectfully refers the Court to the cases referred to in Paragraph 52 for the full content and context thereof.

53.     Defendant neither admits nor denies the allegations in Paragraph 53 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 53 and respectfully refers the Court to the case and Senate Report referred to in Paragraph 53 for the full content and context thereof.

54.     Defendant neither admits nor denies the allegations in Paragraph 54 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 54 and respectfully refers the Court to the statute referred to in Paragraph 54 for the full content and context thereof.

55.     Defendant neither admits nor denies the allegations in Paragraph 55 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 55 and respectfully refers the Court to the case referred to in Paragraph 55 for the full content and context thereof.

56.     Defendant neither admits nor denies the allegations in Paragraph 56 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 56.

57.     Defendant neither admits nor denies the allegations in Paragraph 57 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 57.

58.     Defendant neither admits nor denies the allegations in Paragraph 58 of the Complaint insofar as said allegations constitute conclusions of law, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and on that basis denies the allegations, respectfully refers the Court to the SEC filings referred to in Paragraph 58 for the full content and context thereof, and otherwise denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint, except admits that FMG LLC serves as the investment manager to each of the AXA Funds.

60.     Defendant admits that the AXA Funds pay a management fee to FMG LLC reflected as a stated percentage of each Fund's asset value, but otherwise denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint, except admits that FMG LLC has contracted with sub-advisers.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant admits that FMG LLC has entered into subadvisory agreements with Pacific Investment Management Company, LLC; SSgA Funds Management, Inc.; T. Rowe Price Associates, Inc.; Morgan Stanley Investment Management Inc.; BlackRock Investment Management, LLC; Wellington Management Company, LLP; GAMCO Asset Management, Inc.; AllianceBernstein L.P.; and First International Advisors, LLC and Wells Capital Management, Inc.; but otherwise denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Defendant admits the allegations in Paragraph 65 of the Complaint to the extent that Paragraph 65 lists the subadvisors for each of the AXA Funds, but otherwise denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint and respectfully refers the Court to the website referred to in Paragraph 69 for the full content and context thereof.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint and respectfully refers the Court to the SEC filing referred to in Paragraph 71 for the full content and context thereof.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 72 for the full content and context thereof.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 73 for the full content and context thereof.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 74 for the full content and context thereof.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint and respectfully refers the Court to the SEC filing referred to in Paragraph 76 for the full content and context thereof.

77.     Defendant denies the allegations in Paragraph 77 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 77 for the full content and context thereof.

78.     Defendant denies the allegations in Paragraph 78 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 78 for the full content and context thereof.

79.     Defendant denies the allegations in Paragraph 79 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 79 for the full content and context thereof.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 80 for the full content and context thereof.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint and respectfully refers the Court to the SEC filing referred to in Paragraph 82 for the full content and context thereof.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 83 for the full content and context thereof.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 84 for the full content and context thereof.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 85 for the full content and context thereof.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint and respectfully refers the Court to the SEC filing referred to in Paragraph 87 for the full content and context thereof.

88.     Defendant denies the allegations in Paragraph 88 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 88 for the full content and context thereof.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 89 for the full content and context thereof.

90.     Defendant denies the allegations in Paragraph 90 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 90 for the full content and context thereof.

91.     Defendant denies the allegations in Paragraph 91 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 91 for the full content and context thereof.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint and respectfully refers the Court to the SEC filing referred to in Paragraph 93 for the full content and context thereof.

94.     Defendant denies the allegations in Paragraph 94 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 94 for the full content and context thereof.

95.     Defendant denies the allegations in Paragraph 95 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 95 for the full content and context thereof.

96.     Defendant denies the allegations in Paragraph 96 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 96 for the full content and context thereof.

97.     Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Complaint and respectfully refers the Court to the SEC filing referred to in Paragraph 98 for the full content and context thereof.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 99 for the full content and context thereof.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 100 for the full content and context thereof.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 101 for the full content and context thereof.

102.    Defendant denies the allegations in Paragraph 102 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 102 for the full content and context thereof.

103.    Defendant denies the allegations in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations in Paragraph 104 of the Complaint and respectfully refers the Court to the SEC filing referred to in Paragraph 104 for the full content and context thereof.

105.    Defendant denies the allegations in Paragraph 105 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 105 for the full content and context thereof.

106.    Defendant denies the allegations in Paragraph 106 of the Complaint, except admits that Plaintiffs' counsel filed a complaint against FMG LLC and AXA Equitable Life Insurance Co. on or about July 21, 2011 captioned *Sivolella et al. v. AXA Equitable Life Insurance Company et al.*, Civ. A. No. 3:11-cv-04194-PGS-DEA (D.N.J.), and respectfully refers the Court to the Form N-1A referred to in Paragraph 106 for the full content and context thereof.

107.    Defendant denies the allegations in Paragraph 107 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 107 for the full content and context thereof.

108.	Defendant denies the allegations in Paragraph 108 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 108 for the full content and context thereof.

109.	Defendant denies the allegations in Paragraph 109 of the Complaint.

110.	Defendant denies the allegations in Paragraph 110 of the Complaint and respectfully refers the Court to the SEC filing referred to in Paragraph 110 for the full content and context thereof.

111.	Defendant denies the allegations in Paragraph 111 of the Complaint and respectfully refers the Court to the Form N-1A referred to in Paragraph 111 for the full content and context thereof.

112.	Defendant denies the allegations in Paragraph 112 of the Complaint, and respectfully refers the Court to the Agreements referred to in Paragraph 112 for the full content and context thereof.

113.	Defendant denies the allegations in Paragraph 113 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 113 for the full content and context thereof.

114.	Defendant denies the allegations in Paragraph 114 of the Complaint and respectfully refers the Court to the SAI referred to in Paragraph 114 for the full content and context thereof.

115.	Defendant denies the allegations in Paragraph 115 of the Complaint and respectfully refers the Court to the Annual Report referred to in Paragraph 115 for the full content and context thereof.

116.	Defendant denies the allegations in Paragraph 116 of the Complaint.

117.     Defendant denies the allegations in Paragraph 117 of the Complaint.

118.     Defendant denies the allegations in Paragraph 118 of the Complaint.

119.     Defendant denies the allegations in Paragraph 119 of the Complaint and respectfully refers the Court to the Annual Report referred to in Paragraph 119 for the full content and context thereof.

120.     Defendant denies the allegations in Paragraph 120 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 120 for the full content and context thereof.

121.     Defendant denies the allegations in Paragraph 121 of the Complaint.

122.     Defendant denies the allegations in Paragraph 122 of the Complaint, and respectfully refers the Court to the Agreements referred to in Paragraph 122 for the full content and context thereof.

123.     Defendant denies the allegations in Paragraph 123 of the Complaint, and respectfully refers the Court to the SAI referred to in Paragraph 123 for the full content and context thereof.

124.     Defendant denies the allegations in Paragraph 124 of the Complaint.

125.     Defendant denies the allegations in Paragraph 125 of the Complaint.

126.     Defendant denies the allegations in Paragraph 126 of the Complaint, and respectfully refers the Court to the Agreements referred to in Paragraph 126 for the full content and context thereof.

127.     Defendant denies the allegations in Paragraph 127 of the Complaint.

128.     Defendant denies the allegations in Paragraph 128 of the Complaint.

129.     Defendant denies the allegations in Paragraph 129 of the Complaint.

130.     Defendant denies the allegations in Paragraph 130 of the Complaint and respectfully refers the Court to the Annual Report referred to in Paragraph 130 for the full content and context thereof.

131.     Defendant neither admits nor denies the allegations in Paragraph 131 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 131 of the Complaint.

132.     Defendant neither admits nor denies the allegations in Paragraph 132 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 132 of the Complaint, and respectfully refers the Court to the Senate Report referred to in Paragraph 132 for the full content and context thereof.

133.     Defendant denies the allegations in Paragraph 133 of the Complaint, and respectfully refers the Court to the article referred to in Paragraph 133 for the full content and context thereof.

134.     Defendant denies the allegations in Paragraph 134 of the Complaint.

135.     Defendant denies the allegations in Paragraph 135 of the Complaint.

136.     Defendant denies the allegations in Paragraph 136 of the Complaint.

137.     Defendant denies the allegations in Paragraph 137 of the Complaint.

138.     Defendant denies the allegations in Paragraph 138 of the Complaint, and respectfully refers the Court to the SEC Report and GAO Report referred to in Paragraph 138 for the full content and context thereof.

139.     Defendant denies the allegations in Paragraph 139 of the Complaint, and respectfully refers the Court to the article referred to in Paragraph 139 for the full content and context thereof.

140.    Defendant denies the allegations in Paragraph 140 of the Complaint, and respectfully refers the Court to the GAO Report referred to in Paragraph 140 for the full content and context thereof.

141.    Defendant denies the allegations in Paragraph 141 of the Complaint.

142.    Defendant denies the allegations in Paragraph 142 of the Complaint, except admits that all of the AXA Funds employ a declining rate structure in which the percentage fee rate decreases at designated breakpoints as assets increase.

143.    Defendant denies the allegations in Paragraph 143 of the Complaint, and respectfully refers the Court to the Freeman & Brown Study referred to in Paragraph 143 for the full content and context thereof.

144.    Defendant denies the allegations in Paragraph 144 of the Complaint, except admits that economies of scale can be passed on to and shared with mutual funds through management fee breakpoints.

145.    Defendant denies the allegations in Paragraph 145 of the Complaint, except admits that to the extent economies of scale exist, they have been shared with the AXA Funds' investors.

146.    Defendant denies the allegations in Paragraph 146 of the Complaint.

147.    Defendant denies the allegations in Paragraph 147 of the Complaint.

148.    Defendant denies the allegations in Paragraph 148 of the Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Defendant denies the allegations in Paragraph 150 of the Complaint.

151.    Defendant denies the allegations in Paragraph 151 of the Complaint.

152.    Defendant denies the allegations in Paragraph 152 of the Complaint.

153.    Defendant denies the allegations in Paragraph 153 of the Complaint.

154.    Defendant denies the allegations in Paragraph 154 of the Complaint.

155.    Defendant denies the allegations in Paragraph 155 of the Complaint.

156.    Defendant neither admits nor denies the allegations in Paragraph 156 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 156 and respectfully refers the Court to the case and statute referred to in Paragraph 156 for the full content and context thereof.

157.    Defendant neither admits nor denies the allegations in Paragraph 157 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 157.

158.    Defendant neither admits nor denies the allegations in Paragraph 158 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 158.

159.    Defendant denies the allegations in Paragraph 159 of the Complaint.

160.    Defendant denies the allegations in Paragraph 160 of the Complaint, but admits that all but one of the Trustees on the Board of Trustees of the EQ Advisors Trust are not "interested" board members.

161.    Defendant denies the allegations in Paragraph 161 of the Complaint.

162.    Defendant denies the allegations in Paragraph 162 of the Complaint, but admits that certain of the Board members are compensated for their services.

163.    Defendant denies the allegations in Paragraph 163 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 163.

164.     Defendant denies the allegations in Paragraph 164 of the Complaint.

165.     Defendant neither admits nor denies the allegations in Paragraph 165 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 165 of the Complaint, and respectfully refers the Court to the Guidebook referred to in Paragraph 165 for the full content and context thereof.

166.     Defendant neither admits nor denies the allegations in Paragraph 166 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 166.

167.     Defendant neither admits nor denies the allegations in Paragraph 167 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 167.

168.     Defendant neither admits nor denies the allegations in Paragraph 168 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 168.

169.     Defendant denies the allegations in Paragraph 169 of the Complaint.

170.     Defendant neither admits nor denies the allegations in Paragraph 170 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 170.

171.     Defendant denies the allegations in Paragraph 171 of the Complaint.

172.     Defendant denies the allegations in Paragraph 172 of the Complaint.

173.     Defendant denies the allegations in Paragraph 173 of the Complaint.

174.    Defendant denies the allegations in Paragraph 174 of the Complaint, and respectfully refers the Court to the Annual Report referred to in Paragraph 174 for the full content and context thereof.

175.    Defendant denies the allegations in Paragraph 175 of the Complaint, and respectfully refers the Court to the Annual Report referred to in Paragraph 175 for the full content and context thereof.

176.    Defendant denies the allegations in Paragraph 176 of the Complaint.

177.    Defendant denies the allegations in Paragraph 177 of the Complaint.

178.    Defendant denies the allegations in Paragraph 178 of the Complaint, and respectfully refers the Court to the Study referred to in Paragraph 178 for the full content and context thereof.

179.    Defendant denies the allegations in Paragraph 179 of the Complaint.

180.    Defendant denies the allegations in Paragraph 180 of the Complaint.

181.    Defendant denies the allegations in Paragraph 181 of the Complaint.

182.    Defendant denies the allegations in Paragraph 182 of the Complaint and respectfully refers the Court to the article referred to in Paragraph 182 for the full content and context thereof.

183.    Defendant denies the allegations in Paragraph 183 of the Complaint.

184.    Defendant denies the allegations in Paragraph 184 of the Complaint.

185.    Defendant denies the allegations in Paragraph 185 of the Complaint.

186.    Defendant denies the allegations in Paragraph 186 of the Complaint.

187.    Defendant denies the allegations in Paragraph 187 of the Complaint.

188.    Defendant denies the allegations in Paragraph 188 of the Complaint.

189.    Defendant denies the allegations in Paragraph 189 of the Complaint.

190.    Defendant denies the allegations in Paragraph 190 of the Complaint.

191.    Defendant denies the allegations in Paragraph 191 of the Complaint.

192.    Defendant denies the allegations in Paragraph 192 of the Complaint.

193.    Defendant denies the allegations in Paragraph 193 of the Complaint.

194.    Defendant denies the allegations in Paragraph 194 of the Complaint.

195.    Defendant admits that FMG LLC has entered into an administrative services agreement with the EQ Advisors Trust, and otherwise denies the allegations in Paragraph 195 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 195 for the full content and context thereof.

196.    Defendant admits that FMG LLC has entered into an administrative services agreement with the EQ Advisors Trust, respectfully refers the Court to the Agreement referred to in Paragraph 196 for the full content and context thereof, and otherwise denies the allegations in Paragraph 196 of the Complaint.

197.    Defendant denies the allegations in Paragraph 197 of the Complaint, except admits that FMG LLC has entered into investment management and administrative agreements with the EQ Advisors Trust, and respectfully refers the Court to the Agreements referred to in Paragraph 197 for the full contents and context thereof.

198.    Defendant denies the allegations in Paragraph 198 of the Complaint.

199.    Defendant denies the allegations in Paragraph 199 of the Complaint.

200.    Defendant denies the allegations in Paragraph 200 of the Complaint.

201.    Defendant denies the allegations in Paragraph 201 of the Complaint, except admits that JP Morgan's fees were negotiated in an arm's length transaction and denies

knowledge or information sufficient to form a belief as to the truth of the allegations regarding

JP Morgan's corporate organization.

202.     Defendant admits the allegations in Paragraph 202 of the Complaint.

203.     Defendant denies the allegations in Paragraph 203 of the Complaint.

204.     Defendant denies the allegations in Paragraph 204 of the Complaint.

205.     Defendant denies the allegations in Paragraph 205 of the Complaint.

206.     Defendant denies the allegations in Paragraph 206 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 206 for the full content and context thereof.

207.     Defendant denies the allegations in Paragraph 207 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 207 for the full content and context thereof.

208.     Defendant denies the allegations in Paragraph 208 of the Complaint.

209.     Defendant denies the allegations in Paragraph 209 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 209 for the full content and context thereof.

210.     Defendant denies the allegations in Paragraph 210 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 210 for the full contents and context thereof.

211.     Defendant denies the allegations in Paragraph 211 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 211 for the full contents and context thereof.

212.    Defendant denies the allegations in Paragraph 212 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 212 for the full contents and context thereof.

213.    Defendant denies the allegations in Paragraph 213 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 213 for the full content and context thereof.

214.    Defendant denies the allegations in Paragraph 214 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 214 for the full contents and context thereof.

215.    Defendant denies the allegations in Paragraph 215 of the Complaint, except admits that sub-advisers make periodic reports to the Board of Trustees.

216.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the Complaint and on that basis denies the allegations.

217.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the Complaint and on that basis denies the allegations.

218.    Defendant denies the allegations in Paragraph 218 of the Complaint and respectfully refers the Court to the Agreement referred to in Paragraph 218 for the full content and context thereof.

219.    Defendant denies the allegations in Paragraph 219 of the Complaint, except admits that certain of the Board members are compensated for their services and respectfully

refers the Court to the Statement of Additional Information ("SAI") referred to in Paragraph 219 for the full content and context thereof.

220.    Defendant denies the allegations in Paragraph 220 of the Complaint and respectfully refers the Court to the various agreements referenced in Paragraph 220 for the full contents and context thereof.

221.    Defendant denies the allegations in Paragraph 221 of the Complaint.

222.    Defendant denies the allegations in Paragraph 222 of the Complaint.

223.    Defendant denies the allegations in Paragraph 223 of the Complaint.

224.    Defendant denies the allegations in Paragraph 224 of the Complaint and respectfully refers the Court to the Agreement referenced in Paragraph 224 for the full content and context thereof.

225.    Defendant denies the allegations in Paragraph 225 of the Complaint and respectfully refers the Court to the Agreement referenced in Paragraph 225 for the full content and context thereof.

226.    Defendant denies the allegations in Paragraph 226 of the Complaint.

227.    Defendant denies the allegations in Paragraph 227 of the Complaint and respectfully refers the Court to the Agreements referenced in Paragraph 227 for the full contents and context thereof.

228.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228 of the Complaint and on that basis denies the allegations.

229.     Defendant denies the allegations in Paragraph 229 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 229 for the full contents and context thereof.

230.     Defendant denies the allegations in Paragraph 230 of the Complaint.

231.     Defendant denies the allegations in Paragraph 231 of the Complaint, except admits that JP Morgan is paid a fee pursuant to the terms of its service agreement with FMG LLC.

232.     Defendant denies the allegations in Paragraph 232 of the Complaint.

233.     Defendant denies the allegations in Paragraph 233 of the Complaint.

234.     Defendant denies the allegations in Paragraph 234 of the Complaint.

235.     Defendant denies the allegations in Paragraph 235 of the Complaint.

236.     Defendant denies the allegations in Paragraph 236 of the Complaint.

237.     Defendant denies the allegations in Paragraph 237 of the Complaint.

238.     Defendant denies the allegations in Paragraph 238 of the Complaint.

239.     In response to Paragraph 239, Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 156 to 169 of the Complaint, and otherwise incorporates the responses contained above to Paragraphs 156 to 169.

240.     Defendant denies the allegations in Paragraph 240 of the Complaint.

241.     Defendant denies the allegations in Paragraph 241 of the Complaint, and respectfully refers the Court to Defendants' Responses and Objections to Plaintiffs' Interrogatories for the full content and context thereof.

242.     Defendant denies the allegations in Paragraph 242 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 242 for the full contents and context thereof.

243.     Defendant denies the allegations in Paragraph 243 of the Complaint and respectfully refers the Court to the letter referred to in Paragraph 243 for the full content and context thereof.

244.     Defendant denies the allegations in Paragraph 244 of the Complaint and respectfully refers the Court to the letter referred to in Paragraph 244 for the full content and context thereof.

245.     Defendant denies the allegations in Paragraph 245 of the Complaint and respectfully refers the Court to the letter referred to in Paragraph 245 for the full content and context thereof.

246.     Defendant denies the allegations in Paragraph 246 of the Complaint and respectfully refers the Court to the Board materials referred to in Paragraph 246 for the full contents and context thereof.

247.     Defendant denies the allegations in Paragraph 247 of the Complaint and respectfully refers the Court to the Board materials referred to in Paragraph 247 for the full contents and context thereof.

248.     Defendant denies the allegations in Paragraph 248 of the Complaint.

249.     Defendant denies the allegations in Paragraph 249 of the Complaint.

250.     Defendant denies the allegations in Paragraph 250 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 250 for the full contents and context thereof.

251.    Defendant denies the allegations in Paragraph 251 of the Complaint and respectfully refers the Court to the Agreements referred to in Paragraph 251 for the full contents and context thereof.

252.    Defendant denies the allegations in Paragraph 252 of the Complaint.

253.    Defendant denies the allegations in Paragraph 253 of the Complaint.

254.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254 of the Complaint and on that basis denies the allegations in Paragraph 254.

255.    Defendant denies the allegations in Paragraph 255 of the Complaint.

256.    Defendant denies the allegations in Paragraph 256 of the Complaint and respectfully refers the Court to the Board materials for the full contents and context thereof.

257.    Defendant denies the allegations in Paragraph 257 of the Complaint and respectfully refers the Court to the Board materials for the full contents and context thereof.

258.    Defendant admits that Plaintiffs purport to bring this action derivatively on behalf of the AXA Funds pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 258 of the Complaint.

259.    Defendant admits that Plaintiffs purport to bring this action derivatively on behalf of the EQ Advisors Trust pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 259 of the Complaint.

260.    Defendant admits that Plaintiffs purport to bring this action derivatively on behalf of the AXA Funds pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs

have any claim under that section and otherwise denies the allegations in Paragraph 260 of the Complaint.

261.    Defendant admits that Plaintiffs purport to bring this action derivatively on behalf of the EQ Advisors Trust pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 261 of the Complaint.

262.    In response to Paragraph 262, Defendant repeats and realleges the foregoing responses to each and every allegation above and otherwise incorporates the responses contained above.

263.    Defendant neither admits nor denies the allegations in Paragraph 263 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 263.

264.    Defendant denies the allegations in Paragraph 264 of the Complaint.

265.    Defendant admits that Plaintiffs purport to bring this action derivatively on behalf of the AXA Funds against FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 265 of the Complaint.

266.    Defendant denies the allegations in Paragraph 266 of the Complaint.

267.    Defendant denies the allegations in Paragraph 267 of the Complaint.

268.    Defendant admits that Plaintiffs seek damages on behalf of the AXA Funds from FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 268 of the Complaint..

269.    Defendant neither admits nor denies the allegations in Paragraph 269 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 269.

270.    In response to Paragraph 270, Defendant repeats and realleges the foregoing responses to each and every allegation above and otherwise incorporates the responses contained above.

271.    Defendant neither admits nor denies the allegations in Paragraph 271 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 271.

272.    Defendant denies the allegations in Paragraph 272 of the Complaint.

273.    Defendant admits that Plaintiffs purport to bring this action derivatively on behalf of the EQ Advisors Trust against AXA FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 273 of the Complaint.

274.    Defendant denies the allegations in Paragraph 274 of the Complaint.

275.    Defendant denies the allegations in Paragraph 275 of the Complaint.

276.    Defendant admits that Plaintiffs seek damages pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 276.

277.    Defendant neither admits nor denies the allegations in Paragraph 277 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 277.

278.     In response to Paragraph 278, Defendant repeats and realleges the foregoing responses to each and every allegation above and otherwise incorporates the responses contained above.

279.     Defendant neither admits nor denies the allegations in Paragraph 279 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 279.

280.     Defendant denies the allegations in Paragraph 280 of the Complaint.

281.     Defendant denies the allegations in Paragraph 281 of the Complaint.

282.     Defendant admits that Plaintiffs purport to bring this action derivatively on behalf of the respective AXA Funds against FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 282 of the Complaint.

283.     Defendant denies the allegations in Paragraph 283 of the Complaint.

284.     Defendant denies the allegations in Paragraph 284 of the Complaint.

285.     Defendant admits that Plaintiffs seek damages pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 285.

286.     Defendant neither admits nor denies the allegations in Paragraph 286 of the Complaint insofar as said allegations constitute conclusions of law, admits that Plaintiffs seek rescission and restitution but denies that Plaintiffs have any claim to such relief, and otherwise denies the allegations in Paragraph 286.

287.    In response to Paragraph 287, Defendant repeats and realleges the foregoing responses to each and every allegation above and otherwise incorporates the responses contained above.

288.    Defendant neither admits nor denies the allegations in Paragraph 288 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 288.

289.    Defendant denies the allegations in Paragraph 289 of the Complaint.

290.    Defendant denies the allegations in Paragraph 290 of the Complaint.

291.    Defendant admits that Plaintiffs purport to bring this action derivatively on behalf of the EQ Advisors Trust against FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 291 of the Complaint.

292.    Defendant denies the allegations in Paragraph 292 of the Complaint.

293.    Defendant denies the allegations in Paragraph 293 of the Complaint.

294.    Defendant admits that Plaintiffs seek damages pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 294.

295.    Defendant neither admits nor denies the allegations in Paragraph 295 of the Complaint insofar as said allegations constitute conclusions of law, admits that Plaintiffs seek rescission and restitution but denies that Plaintiffs have any claim to such relief, and otherwise denies the allegations in Paragraph 295.

*   *   *

296.    Defendant denies each and every averment in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

297.    By alleging the Affirmative Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.

### First Defense

298.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

299.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

### Third Defense

300.    Defendant did not engage in any conduct which would constitute a breach of fiduciary duty.

### Fourth Defense

301.    Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### Fifth Defense

302.    Plaintiffs have not suffered any losses or damages proximately caused by their investment in the Funds or by any breach of fiduciary duty as set forth in the Complaint.

<u>Sixth Defense</u>

303.    At the time Plaintiffs first became alleged shareholders of the AXA Funds, they were or should have been aware that an Advisory Fee Schedule equal to or greater than now in effect had been approved by a majority of the Board of Trustees of the EQ Advisors Trust and AXA Funds.  Plaintiffs were fully informed of all material facts concerning investing in the AXA Funds, including the level and calculation of the Fund adviser's compensation, and knowingly entered into the investment.  On this basis, Plaintiffs are estopped and precluded from maintaining this action on behalf of the AXA Funds.

<u>Seventh Defense</u>

304.    Defendant acted at all times and in all respects in good faith and with due care.

<u>Eighth Defense</u>

305.    The Independent Trustees of the EQ Advisors Trust and AXA Funds received adequate information from Defendant and exercised good faith business judgment in approving the management agreements in effect when Plaintiffs allegedly became shareholders, and in subsequently approving renewals of the management agreements containing the advisory fee schedule currently in effect.

<u>Ninth Defense</u>

306.    Plaintiffs lack standing to bring the claims asserted in the Complaint.

<u>Tenth Defense</u>

307.    To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Defendant's rights to procedural and substantive due process.

<u>Eleventh Defense</u>

308.    Plaintiffs are not entitled to a jury trial.  *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir. 1980); *In re Evangelist*, 760 F.2d 27, 30-31 (1st Cir. 1985).

<u>Twelfth Defense</u>

309.    Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

Dated:  April 29, 2013

                                Respectfully submitted,

                                BLANK ROME LLP

                                By:  <u>/s/ Jonathan M. Korn</u>
                                    Jonathan M. Korn
                                    301 Carnegie Center, 3rd Floor
                                    Princeton, NJ 08540

                                MILBANK, TWEED, HADLEY & McCLOY LLP
                                    James N. Benedict (*pro hac vice*)
                                    Sean M. Murphy (*pro hac vice*)
                                    Robert C. Hora (*pro hac vice*)
                                    1 Chase Manhattan Plaza
                                    New York, NY  10005-1413
                                    (212) 530-5000

                                    *Attorneys for Defendant*